☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Cellular accounts and records associated with an onboard cellular<br>communications device on a 2020 Black, Toyota Camry with VIN:<br>4T1G11AKXLU335910 and IMEI number 015267002589966<br>(Target Device 1) that is stored at premises controlled by AT&T | )<br>)<br>)<br>)   Case No. 24-936M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

    Please see Attachment A.


        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

    Please see Attachment B.


        **YOU ARE COMMANDED** to execute this warrant on or before December 24, 2024_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      xx☐ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Nancy Joseph _____.
                                                                *(United States Magistrate Judge)*

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
        ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 12/10/2024 @ 11:11 a.m._____

                                                            *Judge's signature*

City and state:      Milwaukee, WI_____          Honorable Nancy Joseph, U.S. Magistrate Judge
                                                            *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**<u>ATTACHMENT A</u>**

**Property to Be Searched**

This warrant applies to records and information associated with the cellular accounts associated with an onboard cellular communications device on a 2020 Black, Toyota Camry with VIN: 4T1G11AKXLU335910 and IMEI number 015267002589966 **(Target Device 1)** that is stored at premises controlled by AT&T, a wireless telephone service provider headquartered in North Palm Beach, Florida. This warrant further applies to a Timing Advance "True Call" and/pr LOCDBOR area search for all records and unique device/user identifiers pertaining to Timing Advance and/or LOCDBOR location information between August 10, 2024 at 0000 hours (CST) and September 10, 2024.

**<u>ATTACHMENT B</u>**

**Items and Information to be Seized and Searched**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

All information that constitutes evidence of a violation of Title 18 U.S.C. § 2119 (carjacking), and Title 18 U.S.C. § 924(c) (use of a firearm during the commission of a violent crime) committed on August 17, 2024, involving unknown persons, including location information and identifying information as specified below.

The following subscriber and historical information about the customers or subscribers associated with the Target Cellular Device for the time period **between August 10, 2024 at 0000 hours (CST) and September 10, 2024**

    i.  Names (including subscriber names, user names, and screen names);

    ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii.  Local and long distance telephone connection records;

    iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v.  Length of service (including start date) and types of service utilized;

26

vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**; and**

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including: the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

x.    Timing Advance "True Call" and/pr LOCDBOR area search for all records and unique device/user identifiers pertaining to Timing Advance and/or LOCDBOR location information

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received) These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| Cellular accounts and records associated with an onboard cellular communications device on a 2020 Black, Toyota Camry with VIN: 4T1G11AKXLU335910 and IMEI number 015267002589966 (Target Device 1) that is stored at premises controlled by AT&T | ) ) ) ) |

Case No. 24-936M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119 | carjacking |
| 18 U.S.C. § 924(c) | use of a firearm during the commission of a violent crime |
| 18 U.S.C. § 1951 | Hobbs Act robbery |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FRANK RUTTER    Digitally signed by FRANK RUTTER
Date: 2024.12.06 12:23:30 -06'00'

*Applicant's signature*

Frank Rutter, Special Agent - ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone _____ *(specify reliable electronic means)*.

Date: 12/10/2024

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Frank Rutter, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular network that are in the possession, custody, and/or control of the following company(s): (1) AT&T, a cellular service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T to disclose to the government copies of the information further described in Attachment B.

2.      I am employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since 2015.  As an ATF Agent, I have participated in the investigation of firearms-related offenses, including violent crimes such as armed carjackings and robberies, and narcotics-related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, and weapons. As a firearms investigator, I have interviewed many individuals involved in firearm-related offenses and drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of firearms and controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by violators of firearms law and traffickers and abusers of controlled substances.

16

3.     I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF National Academy. That training included various legal courses related to constitutional law as well as search and seizure authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

4.     Based on my training, experience, and participation in the investigation of firearms-related offenses and drug trafficking, I know and have observed the following:

5.     I have relied on informants to investigate firearms-related offenses and drug trafficking. Through informant interviews and debriefings of individuals involved in those offenses, I have learned about the manner in which individuals and organizations finance, purchase, transport, and distribute firearms and narcotics both within and outside of Wisconsin. I have utilized informants to conduct "controlled purchases" of firearms and controlled substances from individuals, as opposed to licensed gun dealers. I have also conducted surveillance of individuals engaged in firearms and drug trafficking and participated in the execution of numerous search warrants resulting in the seizure of drugs, firearms, ammunition, and magazines.

6.     I also know that drug traffickers and individuals involved in firearms-related offenses commonly possess—on their person, at their residences, at their places of business, in their vehicles, and other locations where they exercise dominion and control—firearms, ammunition, and records or receipts pertaining to such.

7.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is

intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

8.     There is probable cause to believe that evidence of violations of the following laws of the United States, including the things described in Attachment B, will be found in the property listed in Attachments A, respectively evidence of Title 18 U.S.C. § 2119 (carjacking), Title 18 U.S.C. § 924(c)(use of a firearm during the commission of a violent crime), Title 18 U.S.C. § 922(g)(1) (prohibited person in possession of a firearm) and Title 18 U.S.C. § 1951 (Hobbs Act Robbery) is housed within the aforementioned cellular device.

**PROBABLE CAUSE**

**August 17, 2024 - Carjacking (Location 1)**

9.     Affiant has reviewed Milwaukee Police Department (MPD) reports associated with MPD IR C2408170037 which were related to a carjacking investigation. Those reports document how on August 17, 2024, MPD responded to an armed carjacking which occurred at 2609 N Fratney Street, Milwaukee, Wisconsin (Location 1). Those reports reflect that when officers arrived, they spoke with victim, M.P. who stated he/she was working as an Uber driver when he/she had been carjacked by two unknown black males.

10.    Those reports reflect that M.P. was interviewed by Detective Carloni, who reported M.P. made the following statements: M.P. explained they had been an Uber driver for approximately six years and identified their vehicle as a 2020 Black, Dodge Durango SUV with Wisconsin license plate 700XRF (VIN: 1C4SDJCTXLC262104). M.P. related they had accepted an Uber ride request at approximately 5:15 AM (CST) on August 17, 2024, with a pickup location of 2630 N. Fratney Street in Milwaukee, Wisconsin. M.P. explained while traveling to pick up the Uber customer they were stopped at a redlight traveling East at the

3

intersection of E. Center Street and N. Holton Street in Milwaukee, Wisconsin. At this intersection, M.P. explained they observed a black four door sedan with heavy window tints stopped at the same traffic light facing South. When M.P. received the green light to proceed East through the intersection, M.P. observed the aforementioned black sedan disregard the red traffic light, make a left turn to follow M.P. East on E. Center Street. M.P. stated they turned South on N. Fratney Street and pulled over in front of 2609 N. Fratney Street to pick up the Uber customer. At this time, M.P. explained the black sedan slowly drove by before turning West onto E. Clarke Street. M.P. recalled a "short time" later someone (Suspect 1) approached his/her vehicle after coming from the Northwest corner of N. Fratney Street and E. Clarke. M.P. stated Suspect 1 approached his/her vehicle with a silver handgun pointed at him/her. M.P. explained Suspect 1 knocked on the vehicle window with the handgun and demanded the victim exit the vehicle and give up the vehicle keys. M.P. explained he/she complied with the request and began walking North on N. Fratney Street away from his/her vehicle. M.P. recalled hearing Suspect 1 yell for Suspect 2 to get in the vehicle. M.P. stated they observed Suspect 2 come from the West alleyway on N. Fratney Street and enter the passenger seat of M.P.'s vehicle. Suspect 1 entered the driver's seat and the vehicle fled South on N. Fratney Street before turning and going West on E. Clarke Street.

11.     Detective Carloni further reported that M.P. described Suspect 1 as a black male, approximately 20 years old, 5'7" to 5'8", thin build with a short afro and a dark complexion. M.P. stated Suspect 1 was wearing a black sweatshirt with the hood cinched around their face and was armed with a silver handgun.

12.     M.P explained his/her black iPhone 12 with a black and red Air Jordan case was taken in addition to other items along with the vehicle. I am aware Uber drivers utilize a cellular

4

device to accept ride requests and must use those same devices for in-car information during the ride such as the suggested route of travel. These devices are often mounted and displayed in a manner that the passengers can view the information and the driver can receive information handsfree. It is likely the device reported stolen by M.P. is also the device he/she utilized to conduct their Uber business.

13.     Detective Carloni reported that M.P. described Suspect 2 as a black male but could not provide any further detail.

14.     Detective Bongel was assigned video-surveillance follow up and reported he recovered video surveillance footage from nearby store, Riverwest Co-Op located at 733 E. Clarke Street. SA Rutter obtained a copy of these recordings and reviewed them which depicted the following: the victim's vehicle can be observed traveling South on N. Fratney Street before pulling alongside the West curb and facing South. Review of the surveillance cameras revealed the suspect's vehicle, a dark four door sedan passed the victim's vehicle traveling South on N. Fratney Street where it then turned West onto E. Clarke Street. The suspect vehicle could be seen stopping in front of 726 E. Clarke Street where two suspects (both passengers) exited the vehicle and began walking towards and then North on N. Fratney Street towards the victim's vehicle. The suspect vehicle can be further described as a black, four door sedan with window tints. The vehicle appeared to have dark wheels and a license plate affixed to the front and rear bumpers. Below is a picture of the suspect vehicle taken from the surveillance footage.

5



15.     That video further shows both suspects to be wearing dark clothing.  The two suspects can be seen on video approaching the victim's vehicle before committing the carjacking.  Suspect 1 approached the driver's side of the vehicle and could be seen raising their arm towards the vehicle as they neared.  It should be noted the victim previously related to Detective Carloni that Suspect 1 pointed a firearm at them while approaching.  Suspect 2 approached the passenger side of the vehicle.  After depriving the victim of their property, Suspect 2 could be seen fleeing on foot back to the suspect vehicle and Suspect 1 drove the victim's vehicle south on N Fratney Street and then west on E Clark Street where it passed the suspect vehicle.  Both vehicles traveled West on E. Clarke Street to flee the area.

**August 17, 2024 – Fleeing/Eluding (Location 2 and 3)**

16.     Affiant further reviewed MPD reports associated with MPD IR C2408170036 which were related to a fleeing/eluding offense from that same date involving the victim's vehicle after the carjacking. Those reports reflect that MPD Squad 5340 was dispatched to assist with the aforementioned carjacking incident.  Officer Roembke reported that while traveling to

6

the site of the carjacking with his partner Officer Gregory, they observed the black Dodge Durango headed West on W. Center Street at the intersection of N. 27th Street in Milwaukee. The driver of the Dodge Durango immediately started accelerating at a high rate of speed headed west from N. 27th Street (Location 2). MPD officers activated their emergency lights and siren to affect a traffic stop, but the driver refused to stop while accelerating to even higher speeds. The vehicle pursuit continued for 1.9 miles as the driver disregarded red traffic lights and stop signs. MPD lost sight of the Dodge Durango on N. Appleton Avenue and W. Center Street in Milwaukee, Wisconsin (Location 3). The vehicle's speed reportedly reached over 90 miles an hour and included driving on the wrong side of the road.

### August 17, 2024 – FLOCK hit (Location 4)

17.     On August 17, 2024, at approximately 10:41 AM (CST), the victim's vehicle was recorded by an automated license plate reader traveling North on N. 91st Street through W. Silver Spring Drive in Milwaukee, Wisconsin (Location 4). SA Rutter learned this information through a license plate query in the FLOCK system.



**August 18, 2024 – Vehicle Recovery**

18.     On August 18, 2024, MPD responded to the area of 5722 N. 84th Street in Milwaukee, Wisconsin after receiving information that the Dodge Durango was pinging there. This information was documented in a report written by Officer Leidy under MPD IR C2408170037.  The report stated upon arrival, Officer Leidy and Officer Rummel located the victim's vehicle parked directly across from 5722 N. 84th Street.  The vehicle was observed to have a red dealership placard on the rear bumper and the white stripes on the hood had been removed.  Officers conducted surveillance of the vehicle and observed an unknown black male subject wearing a black zip-up hooded sweatshirt and black jogging pants with a blue stripe down the exterior of both legs exit the south door of 8500 W. Fond du Lac Avenue.  Officers observed the unknown black male approach the vehicle where the subject appeared to take a photo of the vehicle. The subject then re-entered into the building. Officers continued to monitor the vehicle but ultimately decided to approach and recover the vehicle.  The vehicle was recovered and towed as evidence without incident.  Below is an image depicting the proximity of 5722 N. 84th Street and 8500 W. Fond du Lac Avenue.

8



**Vehicle Processing**

19. On August 19, 2024, Detective Barker responded to MPD's tow lot to process the recovered vehicle with Forensic Investigator Roeglin. Detective Barker's report detailed several items of evidentiary value were recovered from the vehicle including, but not limited to, an iPhone with an unknown model, unknown serial number, contained on Milwaukee Police Department Inventory No. 24023778, Item 1. Photographs of the recovered device showed it to be blue and without a protective case. It should be noted the victim previously described their personal device as a black iPhone housed within a red and black Air Jordan branded protective case. Investigator Roeglin also obtained 7 DNA swabs and 12 latent print lifts. Those prints were compared to a database of known fingerprints and that analysis identified two such latent prints (from the driver's door window and the rear driver's side door) as that of Michael A. Johnson (DOB: XX/XX/2005).

9

**Michael A. Johnson**

20.     A review of Wisconsin Circuit Court records revealed Michael Johnson received an adult felony conviction under Milwaukee County Case 2021CF000045 for violating Wisconsin statute 940.20(1) – Battery by Prisoners.  This conviction prohibits Michael Johnson from legally possessing firearms.

21.     Additionally, Michael Johnson has numerous juvenile felony convictions:

- 2022JV000327 – Armed Robbery, 943.32(2)

- 2020JV000529 – Robbery with Use of Force (943.32(1)(a)), Drive or Operate Vehicle w/o Consent (943.23(3))

- 2019JV000362 – Drive or Operate Vehicle w/o Consent (943.23(3))

- 2018JV000716A – Operate Vehicle w/o Consent-Passenger (943.23(4m))

- 2018JV000716 – Robbery with Use of Force (943.32(1)(a)), Operate Vehicle w/o Consent-Passenger (943.23(4m))

22.     Your affiant is aware on August 26, 2024, Detective Carloni showed a photo array to the victim which included a photograph of Michael Johnson.  This event is memorialized in report associated with MPD IR C2408170037.  Additionally, it should be noted the victim did not identify anyone in the photo array.  Your affiant is aware one of the suspect's was previously described as having their hood up and cinched around their face during the carjacking.  This manner of facial obstruction could have limited the victim's ability to get a strong look at the suspect's face during the crime.

**Concerning Uber Technologies**

23.     On October 11, 2024, the Honorable William Duffin, U.S. Magistrate Judge in the Eastern District of Wisconsin signed a federal search warrant for records from Uber

10

Technologies. Those records revealed that Michael Johnson did not order the rideshare request on the morning of the carjacking incident and the ride request was ultimately canceled by the requester who subsequently re-booked. This sequence is consistent with an uninvolved party who was seeking a legitimate ride.

**Timing Advance Area Searches and Tower Dumps**

24. On September 23, 2024, the Honorable Nancy Joseph, U.S. Magistrate Judge in the Eastern District of Wisconsin singed a federal search warrant which authorized the cellular area searches and the collection of timing advance data in relation to the offenses listed above. This warrant returned thousands of lines of cellular data and information which was then analyzed to isolate only those identifiers whose records were consistent with the facts of the investigation, including being in the geographic area of more than one location. As a summary, the following locations were included in the warrant:

- Location 1 – 2609 N. Fratney Street, Milwaukee, Wisconsin on August 17, 2024
- Location 2 – Intersection of W. Center Street and N. 27th Street in Milwaukee on August 17, 2024
- Location 3 – Intersection of W. Center Street and N. Appleton Avenue in Milwaukee on August 17, 2024
- Location 4 – Intersection of North on N. 91st Street and W. Silver Spring Drive in Milwaukee on August 17, 2024

**Analysis of Timing Advance Area Search Data**

25. The information was analyzed by the Federal Bureau of Investigation (FBI) Cellular Analysis Survey Team (CAST) who provided information to investigators and

11

summarized the information below as the initial identification of 414-554-3146 and 414-368-7042.

26. An initial review of the data responsive to the area search warrant identified that 414-554-3146 was the only device that matched 3 of the 4 location files. Furthermore, there were approximately six (6) devices that matched 2 different location files. Each of the data for those six (6) devices were reviewed further by looking into the detail of the records, including such parameters as those that had records consistent with the timing of the events in each location and identifying any device that also had records in the area of initial crime scene. This additional analysis identified a device which was later revealed as 414-368-7042 after additional legal process.

**414-554-3146 and Kalen Ostrowski**

27. FBI Special Agent Rienerth conducted the initial analysis of the Timing Advance records and identified a cellular device assigned telephone number 414-554-3146. The Timing Advance Records showed the following (denoted in blue in the below graphic):

- 414-554-3146 connected with towers in the area of the carjacking scene (Location 1) at 0524 and 0526 hours and at 0526 had a distance from tower measurement consistent with the area of the carjacking scene.

- 414-554-3146 then connected with towers incrementally consistent with moving in a west direction from the carjacking scene. This location information showed 414-554-3146 connecting to different towers at 0535 and 0539 consistent with that movement west towards the areas of Location 2 and Location 3.

12



a. The last record in the area search for 414-554-3146 was approximately 0.92 miles and approximately from the tower and approximately four (4) minutes after MPD attempted to initiate the traffic stop described within. As noted previously, the records are consistent with travel towards the area of Location 3 which is located at W. Center Street and W. Appleton Avenue which is where MPD Officers previously reported losing sight of the fleeing victim's vehicle.

28.     Special Agent Rutter reviewed MPD Officer Gregory's Squad Camera footage from the aforementioned fleeing/eluding pursuit.  SA Rutter observed a black four door sedan consistent with the suspect vehicle immediately preceding the victim's vehicle traveling West on W. Center Street prior to the initiation on the pursuit. The below screenshots from the squad camera footage show the suspect vehicle and the victim's vehicle traveling West on W. Center Street shortly before MPD conducted a u-turn to initiate the traffic stop turned pursuit.

13





14



29.     Your affiant is aware the location, date and time from the above screenshot and video is consistent with the reviewed location data placing 414-554-3146 in the same general area around the same time.

30.     Your affiant believes this analysis shows the device's connections were consistent with surveillance camera and police squad camera recordings which documented the suspect vehicle and victim's vehicle's egressing West from the carjacking scene.

31.     A search of public record aggregating databases commonly utilized by law enforcement revealed 414-554-3146 to be associated with Kalen C. Ostrowski (DOB: XX/XX/2005) as recently as May 2024.

32.     Affiant reviewed records maintained by Wisconsin Department of Transportation which showed that Kalen Ostrowski is the registered owner of a black 2020 Toyota Camry "Night Shade" edition 4-door sedan.  The vehicle is registered with Wisconsin license plate AUA2206 and VIN: 4T1G11AKXLU335910.  The vehicle is registered to Kalen Ostrowski at

3260 W. Allerton Avenue in Milwaukee, Wisconsin and the registration remains current as of October 31, 2024.

33.     Your affiant is aware through an online VIN query that Kalen Ostrowski's Toyota Camry **(Target Device 1)** is equipped with a cellular antenna that is connected to AT&T's cellular network.  This network connection functions regardless of whether the vehicle owner is paying for access to the connected services.  A Federal grand jury subpoena to Toyota Motor North America revealed that Kalen Ostrowksi's vehicle **(Target Device 1)** with VIN: 4T1G11AKXLU335910 is assigned IMEI number: 015267002589966.

34.     Below is a screenshot of the carjacking suspect vehicle as well as a stock image from the internet of a black 2020 Toyota Camry Night Shade edition.  Your affiant finds this vehicle to be consistent with that of the suspect vehicle captured by security cameras during the carjacking.  It should be noted Milwaukee Police Department Det. Bongel previously hypothesized the suspect vehicle could be a black Toyota Camry in his video surveillance follow-up report.





35.     Your affiant reviewed Oak Creek Police Department reports associated with case 23-018078.  Kalen Ostrowski was arrested by Oak Creek Police Department on August 13, 2023 pursuant to disorderly conduct and concealed weapon violations after Oak Creek responded to a Motel 6 location investigating threats of gun violence.  Oak Creek stopped the aforementioned Black Toyota Camry **(Target Device 1)** with Wisconsin license plate AUA2206 as it was leaving the scene.  Officers recovered a black Springfield XPS-9 pistol bearing serial number BA678605 in addition to several loaded magazines.  Present with Kalen Ostrowski during the Oak Creek incident were Tre'Vell Hayes (DOB: XX/XX/2003) and Patrick Hoelscher (DOB: XX/XX/2005).

36.     Affiant has further reviewed Milwaukee Police Department case C2410120009 reports which reflect on October 12, 2024, Kalen Ostrowski provided his telephone number as 414-554-3146 to Milwaukee Police Department Officers during a non-fatal shooting investigation near 238 E. Knapp Street in Downtown Milwaukee.  A shooting victim was admitted to St. Joseph's Hospital with multiple gunshot wounds to their legs and hands.  Kalen Ostrowski was identified as the shooter and was arrested by responding officers on scene.  Kalen

17

Ostrowski was found to be in possession of a black Springfield XPS-9 pistol bearing serial number BA678605.

- Kalen Ostrowski was charged with 1st Degree Reckless Injury under Milwaukee County case 2024CF004905.

- Kalen Ostrowski provided his current address to Milwaukee County courts as 9111 W. Morgan Avenue, Apt. 4, in Milwaukee, Wisconsin as of October 16, 2024.

37.     Your affiant is aware Kalen Ostrowski has no previous felony convictions.

38.     SA Rutter reviewed commercial license plate reader information and learned the Toyota Camry **(Target Device 1)** was photographed parked outside 9111 W. Morgan Avenue twenty-three (23) times between August 06, 2024 and September 29, 2024.  Below is a photograph captured on September 14, 2024 depicting the vehicle parked outside 9111 W. Morgan Avenue.



39.     As of November 21, 2024, the most recent commercial license plate reader listing for the Toyota Camry **(Target Device 1)** captured the vehicle parked on November 1, 2024 at Don Jacobs Toyota located at 5727 S. 27th Street in Milwaukee, Wisconsin.

40.     On the same date, SA Rutter and SA Carlson traveled to Don Jacobs Toyota and observed the Toyota Camry **(Target Device 1)** parked outside the service department.  Agents met with General Manager, Dustin Boundy and learned Kalen Ostrowski dropped off the Toyota Camry **(Target Vehicle 1)** at Don Jacobs Toyota on October 7, 2024, for body work.  Kalen Ostrowski was documented as the vehicle owner and agents observed his mother's name, Stacey Barwick was also handwritten on the service records.  Kalen Ostrowski's contact number was documented as 414-554-3146.  Mr. Boundy explained telephone number 414-554-3146 was the number utilized by Don Jacobs Toyota to communicate with Kalen Ostrowski.

**414-368-7042 and Tre'vell Hayes**

41.     FBI Special Agent Rienerth conducted the initial analysis of the Timing Advance records and identified within a subset of devices that matched 2 different location files, a cellular device associated with International Mobile Subscriber Identity (IMSI) 310240245811916. An IMSI is a unique number that identifies each mobile phone user on a cellular network. Investigators subsequently obtained a Federal Grand Jury Subpoena to unmask the telephone number associated with IMSI 310240245811916 and learned the associated telephone number to be 414-368-7042.  The Timing Advance Records show the following (denoted in green in the below graphic):

- 414-368-7042 connected with towers in the area of the carjacking scene (Location 1) at 0518 and 0521 hours which is within around 3 and 6

minutes of the timing that 414-554-3146 also had records consistent with the area of Location 1.

- 414-368-7042 connected with a tower which provides coverage in the direction and area of N. 91st Street and W. Silver Spring Drive in Milwaukee (Location 4) at 1036 hours.



42.    Your affiant is aware the location information for 414-368-7042 at 1036 hours is consistent with the location of the suspect vehicle when it was captured by a Flock camera at N. 91st Street and W. Silver Spring Drive.  Furthermore, this point is around 7 linear miles away from Location 1, on the other side of the city, and around 5 hours later.

43.    In summary, the initial analysis of 414-368-7042 and its location information and timing showed it consistent with the area of carjacking scene around the same time as 414-554-3146, in addition to the area of the Flock camera location, which your affiant believes illustrates probable cause that identifying the user and location of 414-368-7042 will lead to evidence of the aforementioned violations.

20

44.     Your affiant searched public record aggregating databases commonly utilized by law enforcement which revealed 414-368-7042 to be associated with a subject named "John Hayes" at 2525 N. Palmer Street.  414-368-7042 is serviced by Dish-MVNO and has been active since November 8, 2017.

45.     Your affiant searched public record aggregating databases commonly utilized by law enforcement which revealed Tre'vell Hayes is associated with the following addresses:

- 9111 W. Morgan Avenue, Apt. 4, in Milwaukee, Wisconsin

- 3260 W. Allerton Avenue in Milwaukee, Wisconsin

46.     Your affiant is aware both addresses are also associated with Kalen Ostrowski based on a search of public record aggregating database information.

## CONCLUSION:

47.     In conclusion your affiant believes the Toyota Camry **(Target Device 1)** vehicle location records may help to identify perpetrators and potential co-conspirators.  Based on the foregoing, your affiant requests the proposed search warrant.

## TECHNICAL INFORMATION

48.     In my training and experience, I have learned that AT&T is a company that provides cellular communications service to a significant percentage of the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data.  When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it. Additionally, cellular

21

service providers also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This information may include but not be limited to a cellular device's distance from a particular cell tower and network derived location, which are generally estimates, of the device in latitude and longitude.

49.     Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

50.     Based on my training and experience, I know that cellular providers such as AT&T in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The aforementioned location information is often contained within Timing Advance data, also known as True Call, and/or LOCDBOR data that is captured and controlled by AT&T.

22

51.     Based on my training and experience and the above facts, information obtained from cellular service providers, such as AT&T, reveal cell towers (and, where applicable, sectors) that were used and the estimated location information (the distance from the tower and sector and estimated latitude and longitude) of a given cellular device engaged in a particular communication or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the location of the following device:

- 2020 Black, Toyota Camry with VIN: 4T1G11AKXLU335910 and IMEI number 015267002589966

52.     Probable cause exists to believe that the records requested contain evidence related to identifying the unknown individuals who committed violations of Title 18 U.S.C. § 2119 (carjacking) and Title 18 U.S.C. § 924(c) (use of a firearm during the commission of a violent crime).

## **AUTHORIZATION REQUEST**

53.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to title 18 U.S.C. §2703(c) and Federal Rule of Criminal Procedure 41.

54.     I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on AT&T, who will then compile the requested records at a time convenient to it, reasonable cause to permit the execution of the requested warrant at any time in the day or night.

23

55. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to records and information associated with the cellular accounts associated with an onboard cellular communications device on a 2020 Black, Toyota Camry with VIN: 4T1G11AKXLU335910 and IMEI number 015267002589966 **(Target Device 1)** that is stored at premises controlled by AT&T, a wireless telephone service provider headquartered in North Palm Beach, Florida. This warrant further applies to a Timing Advance "True Call" and/pr LOCDBOR area search for all records and unique device/user identifiers pertaining to Timing Advance and/or LOCDBOR location information between August 10, 2024 at 0000 hours (CST) and September 10, 2024.

25

# ATTACHMENT B

## Items and Information to be Seized and Searched

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

All information that constitutes evidence of a violation of Title 18 U.S.C. § 2119 (carjacking), and Title 18 U.S.C. § 924(c) (use of a firearm during the commission of a violent crime) committed on August 17, 2024, involving unknown persons, including location information and identifying information as specified below.

The following subscriber and historical information about the customers or subscribers associated with the Target Cellular Device for the time period **between August 10, 2024 at 0000 hours (CST) and September 10, 2024**

i. Names (including subscriber names, user names, and screen names);

ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii. Local and long distance telephone connection records;

iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v. Length of service (including start date) and types of service utilized;

26

vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**; and**

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including: the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

x.    Timing Advance "True Call" and/pr LOCDBOR area search for all records and unique device/user identifiers pertaining to Timing Advance and/or LOCDBOR location information

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received) These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

27